IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JACARRUS ANTYONE PICKETT                                         PETITIONER

v.                                              CIVIL ACTION NO. 3:19-cv-191-HTW-MTP

NEAL HIGGASON                                                    RESPONDENT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Jacarrus Antyone Pickett. Having considered the submissions of the parties, the record of the state court proceedings, and the applicable law, the undersigned recommends that the Petition [1] be DENIED.

## FACTS[1] AND PROCEDURAL HISTORY

Walter Culpepper, James Taylor, and Decarlos Clark worked as garbage men in Meridian, Mississippi. On October 31, 2013, the men were assigned a route Clark had never worked. Clark told his supervisor that he could not go on the route because of a dispute with some men in that area. The supervisor told him to go on the assigned route or go home. So, Clark worked the route with Culpepper and Taylor. Culpepper drove the truck, while Taylor and Clark rode on the back, loading garbage into the truck. Taylor testified that Clark appeared nervous and jittery. As they approached an area near Oakland Heights Elementary School, Clark told Taylor he had been in an altercation with someone in that area. Taylor then saw a tall, muscular man running toward the truck with a pistol. Clark recognized the man as Willie

---

[1] The factual summary is taken from the Mississippi Court of Appeals' opinion affirming the convictions of Petitioner Jacarrus Pickett and Willie Pickett. *See Pickett v. State*, 252 So. 3d 40 (Miss. App. 2018).

1

Pickett. Clark testified that Willie yelled at him, "I gotcha. I'm fixing to kill you, B****." Clark jumped into the cab of the truck and hid under the dash. Willie told Culpepper and Taylor to get out of the way if they did not want to be involved. Culpepper and Taylor fled. According to Clark, Willie fired multiple shots at the garbage truck. Clark testified that Willie only retreated either when his gun jammed or when he ran out of bullets. No one was struck.

Clark testified that he exited the truck when he thought Willie was gone. Culpepper had returned at that point and asked Clark if he was okay. Just as Clark responded that he was okay, he heard Jacarrus yell, "Turn around, Willie, he ain't dead. But I'm fixing to kill him." Clark testified that Jacarrus then fired approximately fifteen rounds at him. Clark ran up a hill and escaped uninjured. Culpepper corroborated Clark's testimony that all the shots were directed at Clark. Investigators recovered thirteen shell casings near the garbage truck, and found eight bullet holes in the hood, side mirror, windshield, and side window.

On May 26, 2016, Jacarrus Pickett and Willie Pickett were convicted of attempted first-degree murder. ([12-1] at 115). Petitioner Jacarrus Pickett was sentenced to a term of twenty-five years in the custody of the Mississippi Department of Corrections, with ten years suspended. ([12-1] at 116).

Thereafter, Petitioner, through counsel, appealed his conviction to the Mississippi Supreme Court, raising the following grounds for relief:

1. Whether the trial court erred in allowing the State to substantively amend the indictment on the second day of trial and after three witnesses had already testified.

2. Whether the indictment, as amended, is void.

3. Whether the jury was properly instructed on the essential elements of attempted murder.

4. Whether the statute under which Appellant was convicted is unconstitutional.

2

    5. Whether the evidence was sufficient to support the conviction.

    6. Whether the verdict is contrary to the weight of evidence.

([12-9] at 6). On February 6, 2018, the Mississippi Court of Appeals affirmed Petitioner's conviction in a written opinion. *See Pickett v. State*, 252 So. 3d 40 (Miss. App. 2018). On June 25, 2019, Petitioner filed a petition for writ of certiorari in the Mississippi Supreme Court, seeking review on three of the issues (One, Five, and Six) raised in his appeal. S*ee* [11-5]. On August 30, 2018, the supreme court denied the petition for writ of certiorari. *See* [11-6].

    On March 18, 2019, Petitioner filed the instant Petition for Writ of Habeas Corpus [1], raising the same six grounds for relief he asserted in his direct appeal. On August 15, 2019, Respondent filed a Motion to Dismiss [11], asserting that Petitioner failed to exhaust Issues Two, Three, and Four because he failed to present the issues to the Mississippi Supreme Court. On December 6, 2019, the undersigned determined that Petitioner failed to meet the exhaustion requirements for Issues Two, Three, and Four. *See* Report and Recommendation [13]. The undersigned recommended that the Court provide Petitioner an opportunity to file an amended petition that includes only his exhausted claims. *Id*. Thereafter, Petitioner filed a Motion to Dismiss [14], seeking the dismissal of his unexhausted claims. The Court granted the Motion [14] and dismissed Issues Two, Three, and Four. *See* Order [17].

    Thus, only the following issues remain before the Court: whether the trial court erred in allowing the State to substantively amend the indictment on the second day of trial and after three witnesses had already testified; whether the evidence was sufficient to support the conviction; and whether the verdict is contrary to the weight of evidence.

## ANALYSIS

The standard of review for habeas claims to be applied by this Court is set forth in 28 U.S.C. § 2254(d), which provides that a federal court may not grant habeas relief unless the state court's adjudication of the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The "contrary to" and "unreasonable application" clauses of Section 2254(d)(1) have independent meanings. *Bell v. Cone*, 535 U.S. 685, 694 (2002).

The "contrary to" clause applies when the state court fails to apply a legal rule announced by the Supreme Court or reaches a result opposite to a previous decision of the Court on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The "unreasonable application" clause applies when the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id*. at 407-08. The "unreasonable application" inquiry is based on an objective standard, and "unreasonable" does not equate with "incorrect." *Garcia v. Dretke*, 388 F.3d 496, 500 (5th Cir. 2004).

Habeas corpus serves as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (internal quotations omitted). A federal court does not "sit as a 'super' state supreme court" and may decide the issues presented by the habeas petition "only to the extent that federal constitutional issues are implicated." *Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir. 1986).

*Amended Indictment*

The initial indictment against Petitioner states that he "willfully, unlawfully, and feloniously, with deliberate design to effect the death of Decarlos Clark, did attempt to kill and murder Decarlos Clark, a human being, without authority of law and not in necessary self defense, by shooting him . . . ." ([12-1] at 13). Following the testimony of the State's first witness, the State moved *ore tenus* to amend the indictment by inserting the word "at" between the words "shooting" and "him," so the indictment would read Petitioner "attempted to kill and murder Decarlos Clark . . . by shooting *at* him." ([12-4] at 69-70). The State asserted that the omission of the word "at" was a clerical error, but Petitioner objected to the amendment. The trial court gave Petitioner additional time to research the issue and heard additional arguments following the testimony of the State's next two witnesses. The trial court granted the motion to amend. ([12-1] at 80).

In Issue One, Petitioner argues that the amended indictment violated his due process right to prepare an adequate defense. As a general matter, the sufficiency of an indictment is a matter of state law and is precluded from habeas corpus review. A state's interpretation of its own laws or rules is no basis for federal habeas relief because no constitutional question is involved. *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981). Federal habeas relief is appropriate only when a conviction has been obtained in violation of some constitutionally protected right. *Smith v. Phillips*, 455 U.S. 209, 221 (1981). A "mere error of state law" is not a denial of due process. *Engle v. Isaac*, 465 U.S. 107, 121 (1982). The sufficiency of a state indictment is not a matter for federal habeas relief unless the indictment was so defective that the convicting court had no jurisdiction. *Riley v. Cockrell*, 339 F.3d 308, 313-14 (5th Cir. 2003). The indictment must be flawed to the extent that under no circumstances could a valid conviction

5

result from facts provable under the indictment. *Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988).

The Mississippi Court of Appeals considered this issue on direct appeal and held as follows:

> The amendment to the indictment reflected the language used at trial and did not prejudice the defense. The amendment did not change the nature of the charges and, thus, did not deprive Jacarrus or Willie of a fair opportunity to present their defense. Also, Jacarrus and Willie cannot claim unfair surprise, as they knew at all times that Clark was not actually shot, only shot at, and that this was the basis for the charges.

*See Pickett*, 252 So. 3d at 46.

The court of appeals noted that "[w]hether Clark was actually shot was not a question—it is undisputed that he was not" and pointed out multiple instances of Petitioner's trial counsel acknowledging that the case concerned someone shooting at Decarlos Clark. *Id*. at 45-46. Indeed, the record reveals that during *voir dire*, defense counsel told the venire that Petitioner's girlfriend would "say that on the particular day that Decarlos Clark was being shot at, or claimed to have been shot at, that Mr. Pickett was at home that particular day throughout the course of the day." ([12-4] at 19). During his opening statement, defense counsel stated that "on October 31, 2013, Jacarrus Pickett was at home with his girlfriend all day . . . [a]nd October 31, 2013 is the day that the state is going to say that my client, Mr. Pickett, was shooting at Decarlos Clark or shot him with the intent to kill him." ([12-4] at 48). Defense counsel also stated that Petitioner was "falsely accused of shooting at Decarlos Clark." ([12-4] at 49).

The record does not reveal unfair surprise or prejudice with respect to the amendment of the indictment. Petitioner was informed of the charge against him and provided sufficient detail enabling him to prepare a defense. Petitioner has made no showing that the indictment was so defective that the trial court had no jurisdiction, nor has he shown that the trial court's decision to

6

allow the amendment of the indictment was contrary to or involved an unreasonable application of clearly established federal law. *See Jackson v. Hall*, 2013 WL 3457187, at *5-6 (S.D. Miss. July 9, 2013).

The undersigned finds that Petitioner has not demonstrated that the state court decision on this issue is contrary to, or involves an unreasonable application of, clearly established federal law, or that the decision was based on an unreasonable determination of the facts in light of the evidence. Habeas relief on this issue should be denied.

*Sufficiency of the Evidence*

In Issue Five, Petitioner argues that the evidence was legally insufficient to support a conviction of attempted first-degree murder. Petitioner asserts that the record "lacks any indication that [he] attempted to murder Decarlos [Clark]," focusing on Clark's testimony that only Willie Pickett "shot up the garbage truck." The crime of attempted first-degree murder is codified by Miss. Code Ann. § 97-1-7, which provides as follows:

> Every person who shall design and endeavor to commit an act which, if accomplished, would constitute an offense of murder under Section 97-3-19, but shall fail therein, or shall be prevented from committing the same, shall be guilty of attempted murder . . . .

Miss Code. Ann. § 97-1-7(2).

Insufficiency of the evidence can support a claim for habeas relief only if the evidence, when viewed in the light most favorable to the State, is such that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001). The evidence need not exclude every reasonable hypothesis of innocence or be completely inconsistent with every conclusion except guilt so long as a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. *United States v. Stevenson*, 126 F.3d 662, 664 (5th Cir. 1997). Additionally, where a state

appellate court has reviewed the sufficiency of the evidence, the state court's determination is entitled to great deference. *See Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993) (citing *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir. 1985)).

The Mississippi Court of Appeals addressed this issue. The court noted the following evidence:

> Clark testified that he exited the truck when he thought Willie was gone. Jacarrus then appeared and yelled, "Turn around, Willie, he ain't dead. But I'm fixing to kill him." Jacarrus then fired multiple rounds at him. Clark testified that all shots were directed at him, and Culpepper corroborated this testimony. Investigators recovered thirteen shell casings near the garbage truck, and discovered eight bullet holes in the hood, side mirror, windshield, and side window.

*Pickett*, 252 So. 3d at 49-50. The court of appeals concluded that the verdict was not against the weight or sufficiency of the evidence. *Id.* at 50.

The record confirms the court of appeals' description of the evidence presented at trial. Clark testified that Petitioner threatened to kill him and shot at him. ([12-4] at 115; 119-20). Culpepper, a witness to the shooting, testified that multiple gunmen shot at Clark. ([12-4] at 55; 62-63). Investigators recovered thirteen shell casings from the scene. ([12-5] at 97).

This Court may not try the issues in Petitioner's state criminal case *de novo*, reweigh the evidence, or substitute its own judgment for that of the trier of fact, but must determine whether a rational jury cold have found beyond a reasonable doubt that the Petitioner was guilty. *Stevenson*, 126 F.3d at 664. The evidence in this case, when viewed in the light most favorable to the State, is not such that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Santellan*, 271 F.3d at 193. The Mississippi Court of Appeals found that there was sufficient evidence to support Petitioner's conviction, the undersigned finds that Petitioner has not established that the court of appeals' decision on this issue is contrary to, or involves an unreasonable application of, clearly established federal law, or

that the decision was based on an unreasonable determination of the facts in light of the evidence. Habeas relief on this claim should be denied.

## *Weight of the Evidence*

In his final issue ground for relief, Issue Six, Petitioner argues that his conviction was against the weight of the evidence. Petitioner points out that Clark was the only witness who specifically identified Petitioner as a gunman. Petitioner also notes the contradictory testimony from different witnesses concerning the number of shots fired and the timing of the shots.

"An argument challenging the weight of the evidence, however, does not state a cognizable claim for federal habeas relief." *Sims v. Mississippi*, 2020 WL 121010, at *4 (S.D. Miss. Jan. 28, 2020) (citing *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985) and *Jordan v. Epps*, 2012 WL 5997046 (S.D. Miss. Aug. 8, 2012)). Unlike a sufficiency-of-the-evidence claim, a weight-of-the-evidence claim requires an assessment of the credibility of the evidence presented at trial. *Tibbs v. Florida*, 457 U.S. 31, 37-38 (1982). "The credibility of the witnesses and the weight of the evidence is the exclusive province of the jury." *Herbert v. Rogers*, 890 F.3d 213, 225 (5th Cir. 2018). Because Petitioner's challenge to the weight of the evidence does not state a cognizable claim for habeas relief, this claim should be denied.[2]

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the relief sought in Jacarrus Antyone Pickett's Petition for a Writ of Habeas Corpus [1] be denied and that the Petition be dismissed with prejudice.

---

[2] Additionally, Petitioner challenged the sufficiency of the evidence, and as discussed *supra*, that claim should be denied because Petitioner failed to establish that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Santellan*, 271 F.3d at 193.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 26th day of January, 2021.

> s/Michael T. Parker
> UNITED STATES MAGISTRATE JUDGE